UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRAIG GOATLEY,

    Plaintiff,

V.

BUREAU OF PRISONS, *et al.*,

    Defendants.

Civil Action No. 7: 19-034-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Craig Goatley is a federal inmate currently confined at the United States Penitentiary ("USP")-Victorville in Adelanto, California. Proceeding without an attorney, Goatley has filed a civil rights action against prison officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] However, because Goatley did not pay the $350.00 filing fee and the $50.00 administrative fee, nor did he file a motion to pay the filing fee in installments under 28 U.S.C. § 1915, the Court previously provided him with the necessary forms and directed him to either pay the filing fee in full or complete and file the required forms within 30 days. [R. 4]

Although Goatley has not yet taken either of these steps, the time period within which Goatley was directed to address his filing fee has not yet expired. However, Goatley has now filed a motion seeking to hold this matter in abeyance to permit him to complete the Bureau of Prisons' ("BOP") administrative remedy process with respect to his claims. [R. 5] Because the filing fee is actually due immediately upon filing the complaint, there is no reason to delay the resolution of Goatley's filing fee any further, thus the Court denies Goatley's motion to hold this matter in

abeyance. However, Goatley's motion raises an issue that cannot be overlooked – his admission that he filed his lawsuit before the administrative remedy process was complete.[1]

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If the failure to exhaust administrative procedures is apparent from the face of the complaint, it is subject to dismissal upon initial screening. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017). The exhaustion requirement is a strong one, and where the plaintiff has not complied with it, a district court may properly dismiss the complaint without prejudice to afford the plaintiff the opportunity to properly invoke and follow the jail's grievance procedures with respect to his concerns. *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011).

Because Goatley admits that he is still in the process of exhausting his administrative remedies with respect to his claims, his claims are premature, rendering dismissal of his complaint without prejudice appropriate. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (district court may dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense). In light of these circumstances, the Court will decline to assess the filing fee in this case and dismiss Goatley's complaint without prejudice to his ability to re-file his claims after the administrative remedy process is complete.

---

[1] His admission is consistent with the allegations of his complaint, in which Goatley alleges only that he began the first step of the three-step administrative remedy process in 2019, but declines to provide further information regarding his pursuit of the second or third steps. [R. 1 at p. 4]

Accordingly, it is hereby **ORDERED** as follows:

1. Goatley's motion to hold this case in abeyance pending completion of his administrative remedies [R. 5] is **DENIED**.

2. Goatley's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** to his ability to re-file his claims after the administrative remedy process is complete.

3. **JUDGMENT** shall be entered contemporaneously with this Order.

4. This matter is **STRICKEN** from the Court's docket.

Dated May 29, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY